

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| TYRON LARON COOKS,<br>　　　　Petitioner, | §<br>§<br>§ |
| vs. | §<br>§　Civil Action No. 4:19-0009-MGL<br>§ |
| W. VEREEN, *Acting Warden*,<br>　　　　Respondent. | §<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
TRANSFERRING PETITIONER'S PETITION**

**I.     INTRODUCTION**

Pending before the Court is Petitioner Tyron Laron Cooks's (Cooks) pro se habeas corpus petition under 28 U.S.C. § 2241.  When Cooks filed his Section 2241 petition, he was incarcerated at Federal Correctional Institution (FCI) Edgefield, which is located in Edgefield, South Carolina.  Accordingly, this Court originally possessed jurisdiction to adjudicate Cooks's claims asserted pursuant to 28 U.S.C. § 2241.  However, Cooks is no longer housed at FCI Edgefield.

According to the Bureau of Prison's "Find an inmate" locator listing for Cooks, which the Court takes judicial notice of as per Fed. R. Evid. 201, he is now incarcerated at FCI Jesup.  *See Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Dec. 22, 2021).  FCI Jesup is located in Jesup, Georgia.  *See FCI Jesup*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/jes (last visited Dec. 22, 2021).  And, FCI Jesup and its

warden are within the jurisdiction of the United States District Court for the Southern District of Georgia (the SDGA). *Id*.

## II. DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id*. at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the [C]ourt issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id*. at 445.

As the Court noted above, Cooks and his custodian are located in the SDGA. But, the Court does not have jurisdiction over that custodian. Consequently, the Court concludes the instant petition must be transferred to the SDGA.

In sum, because this Court lacks jurisdiction over Cooks's custodian, FCI Jesup's warden, this Court has no authority to entertain his petition. Thus, this action must be transferred to the SDGA.

### III.   CONCLUSION

This case is **TRANSFERRED** to the SDGA for further proceedings.

To the extent Cooks requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of December 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.